ERVIN, Justice.
Juan Maldonado, the petitioner herein and claimant below, while in the course of his employment suffered a compensable injury to his back which resulted in an award by a deputy commissioner of the Florida Industrial Commission entered on October 3, 1963. Subsequently, the claimant filed a petition for modification based upon a change of condition or a mistake in determination of fact. On October 20, 1964 the deputy upon consideration of the evidence presented granted the petition and allowed the claimant further medical treatment and awarded him temporary total disability from June IS, 1964 and thereafter until such time as claimant should reach maximum medical improvement as a result of a spinal fusion. On appeal by the employer and carrier, the full Commission entered an order reversing the deputy and dismissing the claim. It was the opinion of the full Commission that the claimant failed to show that there had been a mistake in a determination of fact or a change in condition.
By petition for certiorari the claimant seeks to have us quash the order of the full Commission and reinstate the order of the deputy on the ground that the deputy’s order and findings are supported by competent substantial evidence.
The order of the full Commission is predicated upon its finding that the evidence and testimony on the petition for modification was merely cumulative of evidence and testimony upon which the deputy based his original order of October 3, 1963. We find we must disagree with this finding of the full Commission.
There was conflicting medical testimony in regard to both the original claim and the petition for modification. The deputy was well within his authority in accepting the testimony elicited from one Dr. Molina. The order of the full Commission contained the following in respect to Dr. Molina’s testimony:
“During the hearing for modification, Dr. Molina testified that the claimant could possibly be benefited by a spinal fusion operation’. Prior to the first hearing, in a report that was made part of that hearing, Dr. Molina stated that he had recommended a spinal fusion. He further stated that he saw the patient in March 1964, and there seemed to be some improvement in claimant’s condition, so at that time the idea of surgery went into the background. He examined the claimant in September and October 1963, and in March and July 1964. He testified at the modification hearing that the claimant had a chronic lumbosacral sprain and could possibly be benefited by a spinal fusion. This testimony is the same as. that contained in reports prior to the first hearing. * * * ”
Dr. Molina testified at the modification hearing that his examination of claimant in July disclosed claimant’s condition had worsened; that in March claimant had hardly any atrophy of the right calf, but in July he had about a quarter of an inch, and that straight leg raising had decreased by another 5% over previous examinations.
The Full Commission appears to have failed to consider testimony of Dr. Molina where he gave his professional opinion that the claimant could possibly benefit from a spinal fusion. He based his view upon medical probabilities and it is our belief that such an opinion was reasonable under the circumstances. Dr. Molina’s testimony was to the effect that although there was only a possibility that the claimant’s back would *704 be medically improved by the spinal fusion, nevertheless it would allow the claimant to return to types of work that he is now prevented from doing because of the condition of his back. The obvious conclusion therefrom is that the claimant’s wage-earning capacity would be enhanced by a spinal fusion even though his disability from a purely medical viewpoint may not be improved. There is a vital distinction between medical or physical disability and wage-earning capacity. It appears that the Full Commission failed to consider this distinction, for it stated in its order:
“ * * * It appears from the doctor’s own testimony that the only purpose to be served by a lumbosacral fusion operation would be it may provide him with a better back than he now has.”
It also appears that the full Commission gave undue weight to the fact that although Dr. Molina recommended a spinal fusion on the original claim, the deputy denied the claimant further medical treatment in respect to the original claim. That the full Commission erred in construing the significance of this fact is clearly apparent since the established rule is that a petition for modification may be based either on a change of condition or on a mistake in determination of fact. As indicated above, the evidence upon which the deputy relied supported the view that claimant’s condition had worsened since the deputy’s original order. The deputy based his order of modification upon a change of condition and a medical opinion of Dr. Molina that a spinal fusion would improve claimant’s wage-earning capacity.
Our disposition of the foregoing issues on the merits of the case renders unnecessary an expression on other issues raised by the claimant.
The petition for certiorari is granted and the order of the full Commission is quashed with directions that the order of the deputy commissioner be reinstated.
It is so ordered.
THORNAL, C. J., and THOMAS and ROBERTS, JJ., concur.
CALDWELL, J., dissents.